UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MICHAEL N.[1],

                          Plaintiff,

v.                                               1:21-CV-144 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
───────────────────────────────

## DECISION AND ORDER

Plaintiff Michael N. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 12. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## **PROCEDURAL HISTORY**

On June 7, 2019, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[2] Tr. 65.[3] Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 29, 2020, Plaintiff appeared before the ALJ, Michael J. Stacchini. Tr. 29-58. On June 15, 2020, ALJ Stacchini issued a written decision finding Plaintiff not disabled under the Social Security Act. Tr. 12-28. On December 4, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Thereafter, Plaintiff timely sought judicial review in this Court.

## **LEGAL STANDARDS**

### I.   **District Court Review**

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means

---

[2] SSI "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. <u>Disability Determination</u>

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age,

education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. *Id.* §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ made the following five findings of fact and conclusions of law. Tr. 15-25. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 7, 2019, the application date. Tr. 17. Second, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, left knee meniscus tear, and trapezius muscle spasm. *Id.* Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. Tr. 18. Fourth, the ALJ found that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c); except, he could frequently climb ramps, stairs, ladders, ropes, and scaffolds, and could frequently balance, stoop, kneel, crouch, crawl, and reach. Tr. 19.[4] Fifth, the ALJ determined that Plaintiff had no past

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). "If someone can do medium work, we determine that he or she can also do sedentary and light work." *Id.* § 416.967(c).

relevant work; however, there were jobs that existed in significant numbers in the national economy he could perform. Tr. 23-24.

## II. Analysis

Plaintiff argues that the RFC determination was not supported by substantial evidence because, "the record lacked valid opinion evidence and the ALJ rejected the Plaintiff's subjective statements." Dkt. No. 8 at 8. Plaintiff's argument fails.

In general, Plaintiff's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity"). Additionally, the regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." *Id.* § 416.920c.

The ALJ did not commit legal error in formulating Plaintiff's RFC absent a medical opinion. Contrary to Plaintiff's assertion, a medical opinion or administrative finding is not required to provide substantial evidence to support an RFC. Although medical sources can provide medical opinions about what Plaintiff can still do despite his impairments and whether he has impairment-related

limitations or restrictions, the ALJ is responsible for assessing Plaintiff's RFC. *See id.* § 416.913(a)(2) (defining a medical opinion), *see id.* § 416.946(c) (responsibility for assessing RFC); *see id.* § 416.945(a)(1) (RFC determination is based on all the relevant evidence).

Consistent with the regulations, the Second Circuit has held that, where "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *see Curry v. Comm'r of Soc. Sec.,* 855 F. App'x 46, 49 n.3 (2d Cir. 2021) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity"). Therefore, the ALJ did not err as a matter of law in formulating an RFC absent a medical opinion.

Plaintiff argues that the ALJ's RFC determination fails not only due to the absence of a medical opinion, but also because the RFC did not correspond to Plaintiff's subjective complaints. Dkt. No. 8 at 12. Plaintiff makes the related argument that the ALJ failed to obtain adequate testimony about "any subjective complaints and the impact of [Plaintiff's] impairment." *Id.* at 12-13. But, Plaintiff

7

essentially argues that the ALJ's RFC is inconsistent with his testimony that he was not capable of standing more than two hours and walk one block. *Id.* Although the ALJ's RFC did not mirror Plaintiff's testimony regarding limitations, the ALJ properly considered his testimony, together with the record as a whole, in formulating the RFC.

An ALJ is responsible for assessing a plaintiff's RFC based on the record as a whole, including plaintiff's subjective complaints. When determining a claimant's RFC, "the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted).

The ALJ evaluated Plaintiff's subjective complaints under 20 C.F.R. § 416.929 and concluded that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22; *see Yucekus v. Comm'r of Soc. Sec.,* 829 F. App'x 553, 556 (2d. Cir. 2020) (citing *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (ALJ "is not required to accept the claimant's subjective complaints without question" and reserves the discretion to weigh the credibility of a claimant's testimony against the other record evidence.)). Therefore, because the ALJ properly concluded that Plaintiff's subjective complaints about the limiting effects of his

impairments were not supported by the medical evidence in the record, the ALJ was not required to adopt his subjective complaints in formulating the RFC.

Moreover, a review of the record, and the ALJ's written decision, indicates that substantial evidence supports the ALJ's RFC determination. As held in *Biestek v. Berryhill*, substantial evidence is "more than a mere scintilla" and "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 139 S. Ct. 1148, at 1154 (2019) (internal citations and quotations omitted); *see also Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").

The record contains statements by non-examining State agency medical consultant, G. Wang, M.D. (Tr. 59-64) and B. Stouter, M.D. (Tr. 66-71). But, there are no medical opinions from treating or consultative sources. Neither Dr. Wang nor Dr. Stouter provided an administrative finding. Dr. Wang indicated that Plaintiff did not return his activities of daily living ("ADL") form and two separate phone calls to Plaintiff's representative went unanswered. Tr. 62. Dr. Wang therefore concluded the record was insufficient. *Id.* Dr. Stouter also noted the ADL form was not returned, and the reconsideration form contained no changes, listed no new conditions, and listed no future appointments. Tr. 69. Dr. Stouter considered that Plaintiff had not received treatment from "Sunrise [M]edical" since June 2019,

9

and there was no new evidence in the file. *Id.* Dr. Stouter concluded the record was insufficient to evaluate Plaintiff's claim. Tr. 70.

Under the regulations, Plaintiff is responsible to prove that he is disabled. 20 C.F.R. § 416.912(a)(1); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry...."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.). This responsibility includes informing the Social Security Administration of daily activities. 20 C.F.R. § 416.912(a)(1)(v). Plaintiff "must co-operate" in providing evidence and if Plaintiff fails to do so, the ALJ "will have to make a decision based on information available." *Id.* § 416.916.

Although the record is sparse, it contains a complete medical history including Plaintiff's treatment at Sunrise Medical, where he received his primary care, records from emergency room visits, medical imagining, physical therapy notations, and Plaintiff's testimony at his hearing. In formulating the RFC, the ALJ relied on the record as a whole, including Plaintiff's reports of daily activities provided at his hearing and to his providers. Tr. 19-23.

The ALJ considered Plaintiff's hearing testimony concerning the nature and limiting effects of his impairments. The ALJ considered Plaintiff's testimony that he experiences pain in his knees, back, and shoulder. Tr. 19. However, as noted by

the ALJ, Plaintiff also testified to riding his bike one to three times per week. *Id.* The ALJ considered Plaintiff's testimony that he is independent in managing his own personal needs and self-care, prepares his own meals, and can perform chores. *Id.* The ALJ further considered Plaintiff's testimony that he has difficulty performing chores. *Id.* The ALJ noted Plaintiff's testimony that he maintains relationships and socializes. *Id.* Therefore, the ALJ properly developed the record concerning Plaintiff's activities of daily living by eliciting testimony at the hearing and, further, the ALJ considered Plaintiff's testimony in formulating the RFC.

In addition to testimony, the ALJ relied on Plaintiff's objective medical treatment. The ALJ considered treatment notations from Sunrise Medical Group containing mostly normal findings on examination during the relevant time period. Tr. 20-21. The ALJ considered objective medical imagining of Plaintiff's knees. Tr. 20. The ALJ discussed treatment Plaintiff received for his shoulder pain and objective examinations of his shoulder that showed normal range of motion. *Id.* The ALJ considered Plaintiff's reports to providers that he was feeling well, exercising, and not taking any medication. *Id.* The ALJ considered evidence about Plaintiff's voluntary alcohol detoxification. Tr. 21. The ALJ properly outlined the objective medical findings in the record indicating mostly normal findings on examination. *Id.*

One year before his application, Plaintiff sought treatment from Sunrise Medical Group due to shoulder pain. Tr. 250. Plaintiff informed the provider that he previously received treatment from another provider; however, the provider

would not sign disability paperwork. *Id.* At that time physical therapy was recommended, but Plaintiff refused. *Id.* Plaintiff presented for an annual physical in November 2018. Tr. 282. He reported feeling well and exercising. *Id.* He reported shoulder pain and some numbness, but denied weakness or decreased range of motion. *Id.* A physical examination revealed no abnormalities. Tr. 244. The provider recommended physical therapy and ibuprofen as needed. Tr. 245.

In May 2019, Plaintiff presented to the emergency room requesting alcohol detoxification. Tr. 280. Plaintiff was discharged the same day. *Id.* In June 2019, Plaintiff reported finger, knee, and shoulder pain. Tr. 239. Plaintiff denied limitation in movement, trouble walking, or weakness. *Id.* On examination, Plaintiff displayed a normal gait and limited range of motion in knees. Tr. 240. On June 26, 2019, Plaintiff attended physical therapy. Tr. 322. In October 2019, Plaintiff was discharged from physical therapy for failing to attend any sessions after his initial June session. Tr. 352.

On December 3, 2019, Plaintiff represented for an annual examination. Tr. 361. He reported feeling well and exercising. *Id.* He reported joint and muscle pain, but denied weakness or trouble walking. Tr. 362. Results on physical examination were normal. Tr. 363. The provider noted Plaintiff's shoulder pain was "stable" and he was no longer attending physical therapy due to "time constraints." *Id.*

The ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018);

*see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."). The ALJ did just that in this case. The ALJ specifically noted that, despite complaints of difficulty walking, Plaintiff denied difficulty walking during examinations and on examinations he displayed a normal gait. Tr. 23. The ALJ considered record evidence that Plaintiff denied weakness or problems walking. *Id.* The ALJ further considered that Plaintiff managed pain with ibuprofen, was non-complaint with physical therapy, and did not pursue "much treatment" during the alleged period. *Id.* The ALJ properly considered the objective medical evidence in his overall RFC analysis.

Although Plaintiff's record did not contain medical opinions outlining his functional limitations, it contained "more than a mere scintilla" of evidence regarding Plaintiff's functional abilities, and the ALJ's analysis of the evidence in the record was adequate to establish a link between the evidence and the RFC. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted) ("Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8). The Clerk of the Court will close this case.

SO ORDERED.

Dated:	May 9, 2023
	Buffalo, New York

		_____
		JOHN L. SINATRA, JR.
		UNITED STATES DISTRICT JUDGE